HENRY W. KNICKERBOCKER et al., Respondents, *v.* CHARLES W. GOULD, Appellant.

Plaintiffs, who were stock brokers doing business in the city of New York, on December 26, 1884, mailed to defendant, their customer, residing in Saratoga county, a formal statement of their account against him of stock transactions, in which he was debited with a previous balance appearing in a former statement sent to him, and interest thereon to date, and with commissions and other expenses of the sale of certain stock; he was credited with the proceeds of the sale, showing a balance of $1,722.80 due plaintiffs. The account was inclosed in a letter in which plaintiffs wrote that unless the balance was paid by December thirty-first they would bring suit for the same. Defendant did not respond to this letter and this action was commenced January 14, 1885. Defendant was sworn as a witness upon the trial, but did not deny having received the account and retained it without making any objection to it. *Held,* that defendant must be deemed to have assented to the accuracy of the account, and it became a stated account.

Defendant testified that he met K., one of the plaintiffs, in July or August, 1884, and upon his asking what he was going to do about the stock replied that he did not consider himself responsible for it after

the margin was used up; that when he put up the margin he understood if he did not make up his mind he wanted to continue it would be sold out. He did not show that this was according to his contract with plaintiffs. The court directed a verdict for plaintiffs. *Held,* no error.

Defendant claimed on appeal that the sale of the stock was invalid as he was not notified of the time and place of sale. *Held,* that as this point was not raised on the trial it was not available on appeal.

(Argued June 27, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 11, 1887, which affirmed a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts are sufficiently stated in the opinion.

*F. F. Andrews* for appellant. As matter of law the account of December 26, 1884, was not a stated account. (*Quincy* v. *White,* 63 N. Y. 370, 379; *Lockwood* v. *Thorne,* 18 id. 285.) The action is brought on account stated. If the plaintiffs fail to prove an account stated, they could not recover. If the jury had found, as matter of fact, that there was not an account stated, the verdict should have been for no cause of action. (*Volkening* v. *De Graaf,* 81 N. Y. 268.) The court cannot amend the complaint by adding a new cause of action. (Code Civ. Pro. § 723; *Reeder* v. *Sayre,* 70 N. Y. 180.) It was the duty of the plaintiffs to notify the defendant of the time and place of sale. (*Markham* v. *Jaudon,* 41 N. Y. 235; *Stewart* v. *Drake,* 46 id. 455.) The plaintiffs failed to prove any tender of the stock. Such proof was necessary to entitle them to recover. (*Stenton* v. *Jerome,* 54 N. Y. 80, 483.) It was not necessary for the defendant to establish a case free from reasonable doubt. (*Seybolt* v. *N. Y. L. E. & W. R. R. Co.,* 95 N. Y. 562.) In the absence of any special agreement the legal relation of the parties was that of pledgor and pledgee. (*Markham* v. *Jandon,* 41 N. Y. 235.)

*Delos McCurdy* for respondents. The plaintiffs under their complaint could recover either on the contract of employ-

ment or upon an account stated. (*Lockwood* v. *Thorne*, 18 N. Y. 285, 288; 11 id. 170, 173; *Murray* v. *Ireland*, 3 Johns. Ch. 169; *Quincy* v. *White*, 63 N. Y. 370; *Guernsey* v. *Rexford*, Id. 630; *Wiley* v. *Brigham*, 16 Hun, 106; *Stanton* v. *Jerome*, 54 N. Y. 480, 484; *Smith* v. *Marvin*, 27 id. 137, 143; *Champion* v. *Joslin*, 44 id. 653.)

EARL, J. This action was brought by the plaintiffs, stock brokers doing business in the city of New York, against the defendant, their customer, residing in the county of Saratoga, to recover a balance of account. The plaintiffs bought for the defendant certain shares of stock, receiving from him a portion of the purchase-price as margin, and advancing for him the balance, and holding the stock. The defendant failed, upon demand, to put up more margin and they sold the stock, and the amount claimed in the complaint is the balance due them resulting from the transactions.

The facts alleged in the complaint are sufficient to entitle the plaintiffs to recover for moneys advanced to the defendant and for commissions and expenses, and also upon an account stated. The evidence shows that the plaintiffs bought for the defendant one hundred shares of Erie stock on the 3d day of January, 1883, and sold the same on the sixth day of January at a profit which they remitted to him. On the 9th day of February, 1883, they again bought for him one hundred shares of Erie stock at thirty-seven and three-eighths per cent of the par value thereof, and this stock they held until December 26, 1884, when they sold it at thirteen and five-eighths per cent of the par value. About the 30th day of June, 1883, they rendered to the defendant a statement of their account with him, which debited him with all the money they had advanced for him, and with the interest thereon and their commissions, and credited him with the money received by them from him, showing a balance due them of $2,807.06. On or about December thirty-first, of the same year, they sent him another statement of their account, which consisted of the precise balance, with interest to date, show-

ing a balance due them of $2,893.14, and the one hundred shares of Erie stock in their hands. Upon that account was written a request of the defendant for additional margin. To that request, on the 7th day of January, 1884, the defendant replied by letter, saying that he did not have cash on hand and wished them to accept a bond and mortgage as collateral and allow him to buy more stock on that security. To that letter they replied, declining to take the bond and mortgage, and requesting him to send his check for enough to make the Erie stock " to the market-price, and keep it up so from time to time." On the nineteenth day of April they again wrote him, saying that unless he sent $1,000 by return mail, " to margin Erie stock" they were carrying for him, they would sell at the market and hold him responsible for any loss. On the thirtieth day of June they sent him a statement of their account containing the previous balance, with the addition of interest, and showing a new balance of $2,980.90. On the fourth day of December they wrote him a letter, in which they said they had repeatedly called upon him for margins to make good his account, and notified him that unless the margins were made good within five days they would sell the one hundred shares of Erie stock at public auction to the highest bidder, and after crediting his account with the proceeds of the sale, would look to him for the payment of the balance. On the eighth day of December he wrote them, apparently in reply to the last letter, that he would be in the city the first of the next week. He did not call upon them and did not respond with further margin, and on the twenty-sixth day of December they sold the stock at public auction and obtained therefor the market-price, to wit, thirteen and five-eighths per cent of the par value thereof ; and on the same day they sent him a formal statement of their account, in which the defendant was debited with the previous balance and interest thereon to date, and with commissions and other expenses of the sale of the stock amounting to $15.50, and in which he was credited with the proceeds of the sale, showing a balance of $1,722.80. The account was enclosed in a letter

in which they wrote that unless the balance was paid by the thirty-first of December they would bring suit for the same. To that letter the defendant made no response, and this action was thereafter commenced on the 14th day of January, 1885.

The last account was mailed to the defendant and must have reached him about nineteen days before the suit was commenced. The defendant was a witness upon the trial and did not deny that he received the account; and he retained it without making any objection, although the letter in which it was enclosed fairly challenged him to dispute it if inaccurate. He must, therefore, be deemed to have assented to its accuracy, and the plaintiffs, therefore, rightly contend that it became a stated account. (*Lockwood* v. *Thorne*, 18 N. Y. 285; *Champion* v. *Joslyn*, 44 id 653; *Stenton* v. *Jerome*, 54 id. 480; *Quincey* v. *White*, 63 id. 370; *Guernsey* v. *Rexford*, id. 631.) But the plaintiffs are not obliged wholly to rely upon the last account rendered as an account stated. All the prior accounts which were clearly assented to contain all the money advanced by the plaintiffs as well as the money received by them from the defendant. The only new items in the last account are the interest on the prior balance and the expenses of the sale of the stock, amounting only to $15.50, upon the debit side, and the proceeds of the sale upon the credit side. It was proved by undisputed evidence that the stock was sold at public auction for the market-price. So that all the items of the account are thoroughly established without any reference to or reliance upon the last account, except the sum of $15.50 composed of three small items, and to these items the defendant made no kind of objection upon the trial. In fact, no item in the account has ever been in any way disputed.

The defendant, as a witness, testified that he met Knickerbocker, one of the plaintiffs, at Saratoga Springs in July or August, 1884; that Knickerbocker said to him "What are you going to do about the stock," that he replied "I don't consider myself responsible for it after the margin was used up," and told him that he did not consider himself responsible;

that when he put up ten per cent margin if he did not make up his mind that he " wanted to continue it would be sold out ; " and this was the substance of all his evidence, and it was wholly immaterial and inconsequential,  His mere statement that he did not consider himself responsible did not establish the fact that he was not responsible.  If he had shown that by the contract between him and the plaintiffs they were to sell out the stock when his margin was used up and that he was to incur no responsibility beyond the margin he put up, he would have had a defense.  But this he did not show.  He did not dispute the accuracy of the accounts which had long before been rendered to him ; and upon the proofs they were accurate and he was bound by them.  There was nothing, therefore, for submission to the jury, and the court did not err in directing a verdict for the plaintiffs.

The defendant now claims that the sale of his stock was illegal because he was not notified of the time and place of the sale.  But no such point was made at the trial.  There he simply asked to go to the jury " on the question of whether or not the account was stated."  If he had made this point, the plaintiffs might have shown that he actually had the proper notice, or that by the contract with them he was not entitled to such notice.

We, therefore, conclude that the judgment should be affirmed.

All concur.

Judgment affirmed.