LAWSON *et al. v.* DOUGLASS.

*(Supreme Court, General Term, First Department.* December 31, 1891.)

ACCOUNT STATED—EFFECT.

A promise by a debtor to pay an account, after having examined it and assented to it as correct, renders the same an account stated; and its operation as such is not affected by a subsequent proposal to extend the time of payment, not acted on, nor by a sale of securities held as collateral to the debt.

Appeal from judgment on report of referee.

Action by William S. Lawson, Harry A. Day, and Bennet H. Preston against Curtis N. Douglass on an account stated. Judgment for plaintiffs. Defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and DANIELS, JJ.

*Irving H. Tifft,* (*Eustace Conway,* of counsel,) for appellant. *D. Morgan Hildreth, Jr.,* for respondents.

DANIELS, J. The plaintiffs were brokers doing business in the city of New York, and were employed by the defendant in the purchase and sale of stocks. After their transactions were completed, an account was made out in their favor against the defendant, showing a balance owing from him amounting to the sum of $42,558.05. This account contained the charges for losses upon stock transactions made by the plaintiffs for the defendant. And in January, 1890, the witness D. Morgan Hildreth, Jr., who is the plaintiffs' attorney in the action, testified that he visited the defendant in the city of Albany, and there presented to him this account, and that after examining the account the defendant agreed to its correctness, and promised to pay it as soon as he could; and the account was stated in the complaint, and relied upon as the cause of action as a settled account. And from the evidence of the witness Hildreth, although he was the counsel for the plaintiffs in the action, and his testimony for that reason was certainly subject to some criticism, the referee was at liberty to find that this account had been accepted by the defendant in this manner; and, if it were, that was sufficient to render it a stated account, within the authorities. See *Knickerbocker* v. *Gould,* 115 N. Y. 533, 537, 22 N. E. Rep. 573, where the cases upon this subject are collected and referred to by the court. After this settlement of the account, a negotiation took place between the parties for an extension of the time of payment, and the plaintiffs consented to extend indulgence to the defendant on payment of the balance, in case he paid a note which had been received by them from him amounting to the sum of $5,000. He did not accept the proposal

made in this manner, nor pay the note within the time it was necessary for him to do so to obtain the advantage of the proposal made to him; and accordingly measures were taken by the plaintiffs to sell the collaterals held by them for the security of the account; and evidence was given, though not by any means conclusive, tending to prove the fact to be that they gave him notice of the time and place when these securities would be sold. While this evidence left the fact of the mailing of the notice to him in a state of uncertainty, that uncertainty was substantially removed by his failure to deny the receipt of the notice. The most that he could say was that he did not recollect receiving the notice that the stocks mentioned in the account would be sold at a given time. The probabilities, therefore, are that the notice was mailed, as it was shown to have been made out and put up for that purpose, and addressed to him at the city of Albany, that these securities would be sold at the time and place mentioned in the evidence given on behalf of the plaintiffs. Pursuant to the notice, the securities were sold, and the amount realized credited to the defendant in his account, leaving an unpaid balance, amounting to the sum of $11,140.35, which was the amount claimed to be recovered by the plaintiffs in the action, and for which the referee reported in their favor. It has been insisted on behalf of the defendant that what took place after the presentation of the account was a waiver of it as a stated account. But the mere proposal to extend the time of payment, not accepted or acted upon by the defendant, was clearly inoperative for that purpose. A mere proposal was not sufficient to constitute a waiver of a settlement of the account. Neither was the sale which was afterwards made of the collaterals attended with that effect. The account, as long as the referee credited the evidence of the plaintiffs' witness, still remained a stated and settled account, subject to credit, however, for any amounts which the plaintiffs afterwards realized from the sale of the securities. The questions arising in the case were those dependent upon the effect of the evidence given by the witness during the progress of the trial. The statements made in behalf of the plaintiffs were deemed to be credible by the referee; and it was for him, having the witnesses before him, to determine whether that was the true construction to be placed upon the evidence or not. There seems to be no ground upon which the judgment recovered on the report of the referee can be interfered with. On the contrary, it is substantially sustained by the evidence, and the judgment should be affirmed.

Van Brunt, P. J., concurs in result.

Barrett, J., (*concurring.*) I think the discussion with regard to the service of notice of the sale of the securities is entirely superfluous. The defendant sets up in his answer no claim with regard to such sale. The plaintiffs simply give him credit for the proceeds of the sale. Whether they should have given a larger credit is a question not before the court. In fact, but for the averment in the complaint of the sale of the stocks and the reduction *pro tanto* of the account stated, the plaintiffs could have rested upon proving such account stated, and left the defendant to plead payment or any counter-claim he might have. Even if the plaintiffs had sold without notice, it would not vary the effect of the transaction under these pleadings. Notice or no notice, the plaintiffs have voluntarily given the defendant credit for a sum of money received and applied in part satisfaction of the account stated. And the defendant neither alleges nor proves that he was entitled to a larger credit. I therefore concur in the conclusion arrived at, as I entirely agree with Mr. Justice Daniels upon all the other points discussed.