HENRY B. BRITTON, Individually and as Surviving
Partner of CHARLES P. BRITTON & Co., Appellant, v.
ROSE B. SCOGNAMILLO, as Executrix of ENRICO M.
SCOGNAMILLO, Deceased, Respondent.

Contract — stockbrokers — account stated — when statement
of account between stockbrokers, carrying stock on a mar-
gin for a customer, showing balance due the brokers,
constitutes a stated account — when letter from customer,
acknowledging receipt of account and admitting correctness
thereof but asking for time to pay such balance, followed by
a demand for payment of such balance, sufficient to sustain
action on account stated.

1. Stockbrokers, who had purchased and were carrying for a cus-
tomer certain stocks upon a marginal account, sent to the customer a
statement of account showing debits and credits and containing a list
of stocks held in the account, and the customer wrote that he was
unable to take up or close out the stocks carried by the brokers as
per statement and asked the brokers to hold the same until a time
mentioned when he would settle the account with interest. Some time
after this date when the account had been carried by the brokers
without any new items, except of interest, the attorney for the brokers
saw the customer, demanding the payment of the balance due on the
account with interest, to which the customer replied that he knew
all about the statement of account and that it was correct but that he
had no money. Thereafter this action was commenced. The plain-
tiff can recover on an account stated.

2. Under the rules applicable to any ordinary relationship of debtor
and creditor, when the statement of account was submitted to the
customer there arose a new contract in the form of an account stated,
and a demand for payment with failure to pay entitling the creditor
to bring suit. The statement set forth in appropriate form the
alleged items of an account with the resulting balance and the letter
from the customer by necessary implication assented to the correctness
of the account and promised to settle, that is, pay the same, and this
assent was fortified by a subsequent conversation between the customer
and the broker's attorney. This statement and the customer's letter
in reference to the same as well as the conversation with the broker's
counsel furnish ample and uncontradicted evidence of a demand for
payment of an account stated and the refusal thereof.

3. The effect of the statement and of the assent to the correctness

thereof were not impaired by the fact that it contained the usual letters " E. and O. E." The meaning of the latter *is* perfectly well understood and they are intended to guard against some insubstantial error of inadvertence or mistake. They are not intended to provide for the insertion in an account of some new and substantial item.

4. There *is* nothing in the relationship of broker and customer which prevented the creation of an account stated. The account was inactive before the broker's statement was sent to the customer and from his letters in answer thereto it was apparent that it would remain inactive. Under the circumstances the brokers chose not to sell the stocks but to take the steps necessary to establish an account stated which would then become the same kind of a basis for action as would have been a promissory note. Assuming that the customer might have made some objection to this course, *it is* sufficient to say that he did not, but accepted the statement as correct and promised to settle the account. His letter accepting the statement acknowledged a closed account, an account stated, and asked for leniency in point of time within which the obligation should be enforced.

*Britton* v. *Scognamillo*, 208 App. Div. 207, reversed.

(Argued May 23, 1924; decided June 3, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 25, 1924, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*Christian S. Lorentzen* and *John V. Irwin* for appellant. The action of account stated was proved. It is based on a new agreement between the parties, superseding the original agreement. The original agreement was not alleged, proved or litigated on the trial and cannot affect plaintiff's right to recover. (*Schutz* v. *Morette,* 146 N. Y. 137; *Lockwood* v. *Thorne,* 11 N. Y. 170; *Stenton* v. *Jerome,* 54 N. Y. 480; *Volkening* v. *De Graaf,* 81 N. Y. 268; *Knickerbocker* v. *Gould,* 115 N. Y. 533; *Spellman* v. *Muehlfeld,* 166 N. Y. 245; *De Cordova* v. *Bauman,* 130 N. Y. 615; *Sprague* v. *Currie,* 133 App. Div. 18; *Markham* v. *Jaudon,* 41 N. Y. 235; *Thompson* v. *Bailey,* 220 N. Y.

471.) ˙ The same rule applies between stockbroker and customer as in other business relations. Stocks carried·in the account do not prevent the account from becoming stated. The broker is not required to sell the stocks before striking a balance. (*De Cordova* v. *Bauman*, 130 N. Y. 615; *Lawson* v. *Douglas*, 17 N. Y. Supp. 4; *Burnham* v. *Black*, 121 N. Y. Supp. 616; *Sprague* v. *Currie*, 133 App. Div. 18; *Essex* v. *Linderman*, 71 Penn. St. 76; *Matter of Mills*, 125 App. Div. 730; 193 N. Y. 626.) Sale of the stocks is not a condition precedent to recovery of the debit balance for advances. (*Gruman* v. *Smith*, 81 N. Y. 25; *Capron* v. *Thompson*, 86 N. Y. 418; *Minor* v. *Beveridge*, 141 N. Y. 399.)

*Charles A. Houston* for respondent. The statement of May 1, 1913, was an account current and not an account stated. (*Watson* v. *Gillespie*, 205 App. Div. 613; *Schutz* v. *Morette*, 146 N. Y. 137.) In order to support an account stated, there must be an indebtedness due and owing, and in this case, on May 1, 1913, there was no such indebtedness from the customer to the broker. (*Newburger-Morris Co.* v. *Talcott*, 219 N. Y. 505; *Volkening* v. *De Graaf*, 81 N. Y. 268; *Kennedy* v. *Budd*, 5 App. Div. 140; *Thompson* v. *Bailey*, 220 N. Y. 470; *Markham* v. *Jaudon*, 41 N. Y. 235.)

HISCOCK, Ch. J. This action is founded upon what is alleged to have been an account stated and the answer is simply one of denial. The judgment dismissing the complaint rests upon a verdict directed after a motion made by each side for such direction. Therefore, the judgment must be affirmed if the verdict is sustained by any version either of the law or of the facts.

The plaintiff is the surviving partner of a firm of stockbrokers. As we shall assume, defendant's testator was a customer and some time prior to April 1, 1913, had established a marginal account. On May 1st a statement of account was made by the brokers which bore the

heading " E. M. Scognamillo (the testator) in account current with Charles P. Britton & Co." and starting with a balance of $8,686.74 as of April 1st, contained certain debits and credits and struck a balance of $8,849.77. It also contained a list of certain " long " stocks held in the account and bore the familiar initials " E and O. E." This statement of account was sent to the customer and on May 19th he addressed to the brokers a letter which read as follows: " Being unable to take up or close out the stocks you have purchased and carried for me as per last statement I ask you to kindly hold same until my return to this country in October, 1913, when I will settle the account with interest." So far as appears the account was carried by the brokers without any new items, except of interest, until December, 1917, when their attorney had a conversation with the customer demanding payment of the balance with the then accumulations of interest and in response to which demand the latter said, amongst other things, in substance that he knew all about the foregoing statement and that it was correct but that he had not any money. Thereafter this suit was commenced.

Under the rules applicable to any ordinary relationship of debtor and creditor we think that here arose a new contract in the form of an account stated, and a demand for payment with failure to pay entitling the creditor to bring suit. The statement which was mailed to the customer set forth in appropriate form the alleged items of an account with the resulting balance and the letter from the customer by necessary implication assented to the correctness of the account and promised to settle, that is, pay the same. This assent, while in our opinion that is unnecessary, was fortified in 1917 by the conversation between the customer and the broker's attorney (who was recalled as a witness in behalf of defendant). (*Volkening* v. *DeGraff*, 81 N. Y. 268, 270.)

We do not think that the effect of the statement and

of the assent to the correctness thereof were impaired by the fact that it contained the usual letters " E and O. E." The meaning of the latter is perfectly well understood and they are intended to guard against some insubstantial error of inadvertence or mistake. Nobody would claim that they are intended to provide for the insertion in an account of some new and substantial item. This was evidently the view of defendant's counsel for we find nowhere in the record of the trial any suggestion that the letters had the effect now claimed for them and there is no suggestion that there had been any proposal to vary the account set forth in the foregoing statement in any manner.

We also think that the statement and the customer's letter in reference to the same as well as the conversation with the broker's counsel later furnished ample and uncontradicted evidence of a demand for payment and refusal thereof.

The question then is whether there is anything in the relationship of broker and customer which prevented the creation of an account stated.

For the sake of the discussion assuming the correctness of all that was said in the case of *Kennedy* v. *Budd* (5 App. Div. 140. 144), and especially relied on by the Appellate Division and defendant's counsel to the effect that there is an implication that a broker will carry stocks for a reasonable time to enable the customer to ascertain whether or not he can make a profit on the transaction, it is not denied by that case and of course cannot be, that at some point the broker has a right to call upon the customer to pay and take up his account. The former is not compelled to resort to the stocks held as security in the account before taking steps for the collection of the balance due him. (*DeCordova* v. *Barnum*, 130 N. Y. 615.)

In our opinion the brokers did all that they were required to in this case. The account had been inactive for at least a month before their statement was sent and

from the letter written by the customer in answer to the statement it was perfectly apparent that no further activity of it was intended. Under these circumstances for some reason the brokers chose not to sell the stocks but to take the steps necessary to establish an account stated which would then become the same kind of a basis for action as would have been a promissory note. Assuming that the customer might have made some objection to this course, it is sufficient to say that he did not, but accepted the statement as correct and promised to settle the account. It would be extravagant to give to his letter the significance claimed by defendant's counsel that it called for a continuance of the account within the meaning of some of the language used in the *Kennedy* case. Plainly the letter acknowledged a closed account, an account stated, and asked for leniency in point of the time within which the obligation should be enforced.

Under all of these circumstances we think that the transactions amounted to an account stated even as between the brokers and defendant's testator. (*Burnham* v. *Black,* 121 N. Y. Supp. 616; *Lawson* v. *Douglass,* 17 N. Y. Supp. 4; *Knickerbocker* v. *Gould,* 115 N. Y. 533.)

What was said in *Thompson* v. *Baily* (220 N. Y. 471, 475) concerning the duty of a broker having a margin account " to carry the thing purchased for his customer until additional margin has been demanded and refused " was so said in discussion of the broker's right to close out the account by a sale of securities and has no reference to the question here involved.

Therefore, the judgment should be reversed and judgment granted for plaintiff for the amount demanded in the complaint, there being no dispute as to the amount, with costs in all courts.

CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.