AMERICAN LITHOGRAPHIC COMPANY, Appellant, *v.*
DORRANCE-SULLIVAN & COMPANY, Respondent.

**Debtor and creditor — account stated — principal and agent
— implied if not express promise to pay forthwith arises from
admission of correctness of account stated — condition that
payment be postponed must be definite to rebut presumption
of promise to pay at once — sufficiency of evidence of intention
to admit correctness of balance stated — insufficient assertion
of right to postponement of payment — inference that defend-
ant acted merely as agent not warranted.**

1. Ordinarily, and in the absence of something else, there arises
from an admission of the correctness of a balance of indebtedness
stated to be due an implied, if not an express, promise to pay the same
forthwith, upon which an action can be founded.

2. If one against whom an account is stated couples with his
admission of the correctness of the statement a binding condition
that it shall not be payable until some time in the future, there is
thereby necessarily excluded an implied promise to pay at once.
But in order to work this exclusion of any implied promise, the con-
dition must be definite and indicate that the admission of correctness
is only made upon the understanding that the condition is to be
observed.  The two things must be so coupled together that the
creditor cannot take advantage of the admission without submitting
to the qualification.  If the admission of correctness is either expressly
or by fair implication definite and final and a mere hope or wish
expressed that the time of payment of the indebtedness may be
postponed by the creditor, such suggestion will not have the effect
of rebutting the presumption of a promise to pay the indebtedness
at once.

3. A plain and explicit statement of indebtedness claimed by
plaintiff to be due to it from defendant, coupled with a letter from
defendant, which not only refrains from questioning the correctness
of the balance as shown by the statement presented to it but asks
the plaintiff to " wait " and for its " indulgence in the matter " of
payment, evidences intention to admit that the balance due plaintiff
is correctly stated.

4. Complaints in the letter that the plaintiff had been late in
making delivery of its goods to defendant's customer, in the absence
of any suggestion that plaintiff's rights against defendant had been
legally affected or impaired thereby, do not necessarily import to

the sentences relating to payment of plaintiff's account the assertion of a legal right to postponement of payment or a determination to insist upon it. They may be interpreted as merely precatory and in no sense an ultimatum entering into and conditioning the admission of correctness of the statement.

5. An argument that because the word "advertising" appeared upon defendant's letterhead it is to be inferred that it was merely acting as a disclosed agent for its principal, and that, therefore, there is no indebtedness due from it to plaintiff which could be made the basis for an account stated cannot be sustained. No such inference appears as matter of law from the face of the complaint. On the contrary, defendant's letter implies a transaction wherein defendant acted as principal and not as agent.

*American Lithographic Co.* v. *Dorrance-Sullivan & Co.,* 212 App. Div. 495, reversed.

(Submitted October 5, 1925; decided November 24, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 3, 1925, which reversed an order of Special Term denying a motion by defendant for a dismissal of the complaint and granted said motion.

The following question was certified: "Does the amended complaint herein state facts sufficient to constitute a cause of action?"

*Henry G. Schackno* and *Irving Miller* for appellant. The respondent having assented to the account and the balance as being correct, an account was stated. (*Lockwood* v. *Thorne,* 11 N. Y. 170; 18 N. Y. 285; *Quincey* v. *White,* 63 N. Y. 370; *Volkening* v. *DeGraaf,* 81 N. Y. 268; *Spellman* v. *Muehlfeld,* 166 N. Y. 245; *Newburger-Morris Co.* v. *Talcott,* 219 N. Y. 505; *Hall* v. *New York Brick & Paving Co.,* 95 App. Div. 371; *Briton* v. *Scognamillo,* 238 N. Y. 375; *Eames Vacuum Brake Co.* v. *Prosser,* 157 N. Y. 289.)

*Alfred A. Walter* for respondent. Even if an account stated is made out, such account stated was coupled with

a promise to pay upon a contingency, and the happening of such contingency is not pleaded. (*Hall* v. *New York Brick & Paving Co.*, 95 App. Div. 371; *Work* v. *Beach*, 53 Hun, 7; *Cartledge* v. *West*, 2 Denio, 378; *Cole* v. *Saxby*, 3 Esp. N. P. 159; *Davies* v. *Smith*, 4 Esp. 36; *Scouton* v. *Eislord*, 7 Johns. 36; *Bush* v. *Barnard*, 8 Johns. 407; *Everson* v. *Carpenter*, 17 Wend. 419; *Thompson* v. *Lay*, 4 Pick. 747; *Proctor* v. *Sears*, 4 Allen, 95; *Chandler* v. *Glover*, 32 Penn. St. 509.) The amended complaint fails to show an absolute and unconditional admission of liability and promise to pay, hence there is no account stated. (*Stevens* v. *Ayers*, 57 Hun, 51; 15 Leigh N. P. 99; *Farrar* v. *Moore*, 9 Mo. 316; *Volkening* v. *DeGraaf*, 81 N. Y. 268; *Masters* v. *Walker*, 195 Pac. Rep. 381; *Evans* v. *Verrity*, R. & M. 239; *Weigel* v. *Hartman Steel Co.*, 51 N. J. L. 446; *Ershowsky* v. *Corn*, 113 N. Y. Supp. 478; *Pierce* v. *Pierce*, 199 Penn St. 4.) The amended complaint shows that the defendant was an agent acting for a disclosed principal, and as an agent acting for a disclosed principal there is no personal liability upon the defendant. (*Title Guarantee & Trust Co.* v. *Leavitt*, 121 App. Div. 485; *Argus Co.* v. *Hotchkiss*, 121 App. Div. 378.)

HISCOCK, Ch. J. This action is based solely on an account alleged to have been stated between the parties. The Appellate Division has granted defendant's motion to dismiss the complaint on the ground that it does not state a cause of action. The necessary implication from this determination of course is that on no permissible interpretation of the facts set forth in the complaint is plaintiff entitled to succeed. We do not agree with this view.

As appears from the complaint a transaction took place between the plaintiff and defendant, in the communications hereinafter referred to sometimes erroneously called Dorrance & Sullivan, Inc., concerning a sale of

colorgraphic mailers and cards, and on June 28th, 1923, an invoice was made out by the plaintiff which stated that there had been sold to defendant on terms net 30 days from date of invoice 300,000 colorgraphic mailers and cards at $22 a thousand and amounting in the aggregate to $6,600. August 1st following, a statement was made by plaintiff showing defendant on July 1st indebted for a balance of $6,600, there being written on this statement the following words: " The final figures in ' balance ' column represent total indebtedness on your account as at date of statement   *   *   *   Please forward remittance addressed to Cashier American Litho-graphic Company." And on the same day a letter was written to defendant referring to the prior statement and reading as follows: " Referring to the inclosed regular monthly statement of account as at August 1st please note that the June 28th charge amounting to $6,600 is now due. Will you kindly compare the same with your books and if it agrees be good enough to favor us with check at an early date? "

In answer to this defendant through its treasurer wrote plaintiff as follows: " Answering your letter of August 1st regarding your June 28th charge against us amounting to $6,600, which covers work done for the Superior Underwear Company, we must ask you to wait until our client pays us for this job, the reason for this being that the job was ordered to be delivered at a specified time and you were 35 days late on this delivery; there-fore, the job was of no value to them at that time necessitating them carrying it over for another season.

" We expect that the Superior Underwear Company will make payment within a reasonable time and we must ask your indulgence in the matter until that time."

Thus we have a plain and explicit statement of indebtedness claimed by plaintiff to be due to it from defendant and also words which, in our opinion, might well be construed as an unqualified admission by defendant of

the balance thus claimed to be due. Not only does it refrain from questioning in any way the correctness of the balance as shown by the statement presented to it but when without ·doing this it asks the plaintiff to " wait " and for its " indulgence in the matter " of payment it certainly evidences intention to admit that the balance due plaintiff is correctly stated.

Ordinarily and in the absence of something else there arises from an admission of the correctness of a balance of indebtedness stated to be due an implied if not an express promise to pay the same forthwith upon which an action can be founded. In this case, however, the defendant claims and the Appellate Division has held that there not only was no express promise to pay the balance forthwith but that there was in effect a refusal thus to pay which excluded the permissibility of an implied promise. This claim is based on the statements in the letter already quoted that plaintiff was late in making delivery thereby impairing the value of the contract to the Superior Underwear Company and that as a result thereof defendant was compelled to " ask." plaintiff to wait until its client paid it and to ask plaintiff's " indulgence " in the matter until said company should make payment as expected within a reasonable time.

It is undoubtedly true that if one against whom an account is stated couples with his admission of the correctness of the statement a binding condition that it shall not be payable until some time in the future, there is thereby necessarily excluded an implied promise to pay at once. (*Work* v. *Beach*, 53 Hun, 7, 10.) But in order to work this exclusion of any implied promise the condition must be definite and indicate that the admission of correctness is only made upon the understanding that the condition is to be observed. The two things must be so coupled together that the creditor cannot take advantage of the admission without submitting to the

qualification.   If the admission of correctness is either expressly or by fair implication definite and final and a mere hope or wish expressed that the time of payment of the indebtedness may be postponed by the creditor, such suggestion will not have the effect of rebutting the presumption of a promise to pay the indebtedness at once. We think that this was all that was done in the present case; at least that a jury could say that such is a permissible interpretation of the words used.   While the defendant complained that the plaintiff had been late in making delivery of its goods to defendant's apparent customer, there was no suggestion that plaintiff's rights against defendant had been legally affected or impaired by this fact.   According to the letter the goods had been accepted and as we read the letter its sentences relating to payment of plaintiff's account may be interpreted as merely precatory and in no sense an ultimatum entering into and conditioning the admission of correctness of the statement.   Because of plaintiff's shortcoming defendant thought it was entitled to delay in payment of the account.   It was asking for indulgence but was not in our opinion, necessarily, asserting a legal right to postponement of payment or a determination to insist upon it.

In these respects the facts are somewhat similar to those which were presented in the case of *Britton* v. *Scognamillo* (238 N. Y. 375) where the debtor by implication admitted the correctness of an account stated by the creditor but asked that it be held until the future when he would settle it.   It was held that these facts resulted in an admission of correctness of the account and a promise to pay which was not defeated by a request for indulgence.

It is argued that because the word " advertising " appeared upon defendant's letterhead it is to be inferred that it was merely acting as a disclosed agent for its principal, the Superior Underwear Company, and that,

therefore, there is no indebtedness due from it to plaintiff which could be made the basis for an account stated because of course an account stated cannot arise unless there is some indebtedness due. We do not think that any such inference as this appears as matter of law from the face of the complaint. On the contrary, defendant's letter speaks of the Superior Underwear Company as defendant's " client " and discusses its relations and its expected payment to defendant in a manner which implies a transaction between the Underwear Company and defendant as principal and not as agent. .

For these reasons we think the order appealed from should be reversed and that of the Special Term affirmed, with costs in this court and the Appellate Division and the question certified to us answered in the affirmative.

POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO and McLAUGHLIN, JJ., dissent.

Ordered accordingly.