■ DANIEL J. GIOVANNETTI, Respondent, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant.—Per Curiam. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered October 16, 1984 in Albany County, which denied defendant's motion to dismiss the amended complaint.

The facts in this case are basically undisputed. Plaintiff was employed by defendant between 1956 and 1978. As of March 25, 1970, plaintiff had accumulated 143 days of vacation time. On July 24, 1970, a memorandum to defendant's employees from Clifton C. Flather, who was then defendant's executive director, stated that defendant's employees were not allowed to accumulate unused vacation in excess of 30 days. The

memo stated that the limit was to be increased to 40 days, with 30 days remaining as the maximum number of days for which an employee could be compensated in cash. The memo also stated that employees who had already accumulated more than 40 days would have the excess days put into a "special reserve" that could be utilized only upon a showing of "extremely serious" circumstances of an emergency nature and only pursuant to a "specific resolution" of defendant.

Thereafter, plaintiff, who was but one of many of defendant's employees who had accumulated more than 40 days of vacation prior to the issuance of the July 24, 1970 memo, apparently continued to work for defendant without protesting the policy set forth in the memo. This policy was reiterated in a July 31, 1972 memo from William A. Sharkey, Flather's successor.

Plaintiff retired in 1978 and apparently was thereupon paid for 30 vacation days. On April 15, 1983, after learning that two of defendant's former employees had, upon their retirement, been compensated for their *full* accumulated vacation time in excess of 30 days, plaintiff wrote to defendant requesting similar treatment. His request was denied in a letter that stated that three employees who retired in 1982 had received "as a special severance arrangement payment for a portion of unused vacation accruals" as of 1970, but that another 36 employees had, like plaintiff, retired without receiving any payment for their excess accrued vacation time.

Plaintiff then requested and received information pursuant to the Freedom of Information Law. That information showed that three of defendant's former employees had received, upon their retirement, cash payments either exactly or approximately equal to the amount of vacation time in excess of 40 days that they had accrued before 1970. These payments had been made without the passage of any "specific resolution" by defendant.

Plaintiff commenced the instant suit charging defendant with breach of contract and a violation of his civil rights under 42 USC § 1983. Thereafter, plaintiff amended his complaint by withdrawing the contract cause of action. Defendant moved pursuant to CPLR 3211 to dismiss the amended complaint on the grounds that a defense was founded upon documentary evidence (CPLR 3211 [a] [1]), that the Statute of Limitations barred the suit (CPLR 3211 [a] [5]) and that the amended complaint failed to state a cause of action (CPLR 3211 [a] [7]). Special Term denied the motion, stating that the

amended complaint sufficiently stated a cause of action under 42 USC § 1983 and that the action was not time barred. This appeal by defendant ensued.

We turn first to defendant's contention that plaintiff's action is barred by the Statute of Limitations. In this regard, because Congress has not provided a Federal Statute of Limitations for actions commenced under 42 USC § 1983, the appropriate State limitations period must be applied *(Wilson v Garcia,* 471 US —, 105 S Ct 1938). Thus, in New York, the three-year Statute of Limitations provided in CPLR 214 (5) applies to State actions brought pursuant to 42 USC § 1983 to recover for deprivation of Federal civil rights *(id.).*

Although State law provides the applicable Statute of Limitations, the issue of when the Federal cause of action accrued is a matter of Federal law *(Fiesel v Board of Educ.,* 675 F2d 522, 524; *see,* Antieau, Federal Civil Rights Acts Civil Practice § 241, at 148 [2d ed 1984 supp]). Under Federal law, a cause of action under 42 USC § 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action *(Barrett v United States,* 689 F2d 324, 333, *cert denied* 462 US 1131; *see,* Antieau, Federal Civil Rights Acts Civil Practice § 241, at 148 [2d ed 1984 supp]).

In the instant case, the three former employees of defendant who were apparently treated dissimilarly in that they received cash for their excess accrued vacation time were paid these amounts in March and August of 1982. This dissimilar treatment by defendant was the cause of the complained-of injury on the part of plaintiff, and its occurrence was the earliest possible time that plaintiff could have known of the injury. Plaintiff commenced this suit on August 19, 1983, well within three years after the three employees allegedly received the preferential treatment that gave rise to plaintiff's injury under 42 USC § 1983.

Although the instant action was timely commenced, we are of the view that the complaint is legally insufficient and must be dismissed. Plaintiff's 42 USC § 1983 cause of action is based entirely on a claim of denial of his constitutional right to equal protection of the laws. His amended complaint, however, alleges nothing more than disparate treatment, namely that some four years after his retirement, three retiring employees were given payments denied him for accumulated vacation time. Disparate treatment, alone, is insufficient to establish a denial of equal protection *(Griffin v School Bd.,* 377 US 218, 230). Equal protection is only denied if the distinction was invidiously discriminatory, i.e., purposeful or entirely arbi-

trary and capricious *(Personnel Administrator v Feeney,* 442 US 256, 279; *San Antonio School Dist. v Rodriguez,* 411 US 1, 60 [Stewart, J., concurring]). Therefore, the burden was on plaintiff to allege and prove such purposeful or malicious action in a damage claim under section 1983 *(Ortega Cabrera v Municipality of Bayamon,* 562 F2d 91, 103). The mere circumstances that, four years after his retirement, benefits which defendant had refused to give plaintiff were given three retiring employees hardly establishes the foregoing elements of his cause of action. Here, plaintiff's pleading is even more conclusory and devoid of a factual basis for any claim for relief under section 1983 than the complaints dismissed in *Dewey v University of N. H.* (694 F2d 1, 3, *cert denied* 461 US 944) and *Albany Day Care Center v Schreck* (463 F2d 620, 622-623, *cert denied* 410 US 944). Accordingly, plaintiff's complaint should have been dismissed.

Order reversed, on the law, without costs, motion granted and amended complaint dismissed. Mahoney, P. J., Casey and Levine, JJ., concur.

Kane and Weiss, JJ., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). We do not quarrel with the majority's statement that in this case "[e]qual protection is only denied if the distinction was invidiously discriminatory, i.e., purposeful or entirely arbitrary and capricious". However, in our opinion, the complaint sufficiently alleges such conduct on the part of a State authority, indisputedly acting under color of State law *(see,* Antieau, Federal Civil Rights Acts Civil Practice §§ 230, 231, at 385-390 [2d ed]). Such a conclusion conforms with the well-established rule that upon a motion to dismiss, the allegations of the complaint and the inferences to be drawn therefrom should be construed most favorably to the plaintiff *(id.* § 230, at 286). Moreover, the United States Supreme Court instructs us that a motion to dismiss in an action brought under 42 USC § 1983 should not be granted unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' " *(Haines v Kerner,* 404 US 519, 520-521, quoting *Conley v Gibson,* 355 US 41, 45-46; *see,* Antieau, Federal Civil Rights Acts Civil Practice § 230, at 386 [2d ed]). We would therefore affirm Special Term's order denying defendant's motion to dismiss the amended complaint.