PETER MERMER, Respondent, v JAMES D. CONSTANTINE, as Superintendent of the Knox Memorial Central School District, Appellant, et al., Defendant.

Third Department, October 15, 1987

## APPEARANCES OF COUNSEL

*Arthur F. Grisham* for appellant.

*Leonard, Mellon & Gebo (A. Michael Gebo* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J. P.

Following a classroom evaluation conducted by a consultant in the employ of defendant Knox Memorial Central School District,[1] plaintiff, a teacher in the district, was advised that he must visit a dentist "to improve the condition and appearance" of his teeth and visit a physician "to identify a health plan for an appropriate weight loss program and to develop adequate body tone". Plaintiff objected to this directive and instituted a grievance pursuant to the relevant collective bargaining agreement. Defendant James D. Constantine (hereinafter defendant), as superintendent of the school district, denied the grievance and instructed plaintiff to comply with the directive. Plaintiff's appeal to the school district's Board of Education under the grievance procedure was held in abeyance when plaintiff instituted a proceeding with the Commissioner of Education. While this proceeding was pending, defendants took no steps to compel plaintiff's compliance with the directive, except that he was required to undergo a physical examination. The Commissioner subsequently rendered his decision which concluded that defendants lacked the authority to compel plaintiff to comply with the directive, although they could compel him to undergo a physical examination. Plaintiff thereafter commenced this action, alleging that defendants had violated his constitutional rights and committed a prima facie tort. Upon a motion for summary judgment by defendant, Supreme Court dismissed all causes of action against him except for the cause of action for violation of plaintiff's rights under 42 USC § 1983. Defendant appeals.

In view of the procedural rights afforded to plaintiff, which he successfully pursued, he has no colorable claim of a denial of procedural due process and, therefore, if he is to succeed in his claim founded upon the US Constitution 14th Amendment, it must be on the basis of either "substantive" due process or

---

1. Knox Memorial Central School District is no longer a party in this action as summary judgment was granted dismissing all causes of action against it.

equal protection *(see, Harrah Ind. School Dist. v Martin,* 440 US 194, 197-198). To state a claim under 42 USC § 1983, plaintiff must allege that defendant acted under color of State law and that defendant deprived plaintiff of a right, privilege or immunity secured by the US Constitution or laws of the United States *(see, District of Columbia v Carter,* 409 US 418, 423-425). We find plaintiff's complaint deficient as to the latter element. Assuming plaintiff has some sort of "liberty" interest within the US Constitution 14th Amendment in the matter of his personal appearance *(see, Kelley v Johnson,* 425 US 238, 244), the allegations of his complaint fail to establish that defendant's conduct infringed upon such a protected interest. Although defendant allegedly directed plaintiff to take certain action concerning his personal appearance, defendant took no steps to compel plaintiff's compliance with the directive while plaintiff pursued his administrative remedies[2] and the directive was effectively negated by the Commissioner. At most, plaintiff's allegations establish a threatened infringement of a protected interest, which we find insufficient to state a cause of action under 42 USC § 1983 *(see, Macko v Byron,* 760 F2d 95; *Lamar v Steele,* 698 F2d 1286, *cert denied* 464 US 821).

As to the equal protection aspect of plaintiff's claim, the complaint alleges discrimination as a conclusion, but does not allege that others similarly situated were accorded different treatment. In any event, there is no allegation of invidious discrimination *(see, Giovannetti v Dormitory Auth.,* 115 AD2d 851, 853-854, *affd* 69 NY2d 621).

Since the allegations of plaintiff's complaint fail to state a cause of action under 42 USC § 1983, defendant's motion for summary judgment should have been granted in its entirety.

WEISS, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order modified, on the law, without costs, by deleting therefrom the phrase "except for the cause of action for violation of plaintiff's constitutional rights pursuant to 42 USC § 1983" in the decretal paragraph, and, as so modified, affirmed.

---

2. Plaintiff was required to undergo a physical examination, but such a requirement is authorized by statute (Education Law § 913), and plaintiff does not base his 42 USC § 1983 claim on this requirement.