■ JOHN R. MINTO, Appellant, v COUNTY OF SUFFOLK, Respondent.—In an action, *inter alia,* to recover damages for breach of an alleged employment contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered August 28, 1987, which, upon an order granting the defendant's motion, *inter alia,* to dismiss the complaint pursuant to CPLR 3211 (a) (7), dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced the instant action to redress allegedly improper treatment at the hands of his employer, the defendant County of Suffolk (hereinafter the county). The county moved to dismiss the complaint on the grounds, *inter alia,* of the Statute of Limitations and failure to state a cause of action. The Supreme Court, Suffolk County, granted the motion. We affirm.

Insofar as the plaintiff claims that the county unlawfully terminated a purported employment agreement with him in 1978, the claim is time barred. The six-year limitations period of CPLR 213 (2) is applicable to actions sounding in breach of contract. Inasmuch as the instant action was not commenced until 1986, the plaintiff's 1978 contractual claim is clearly untimely.

Similarly unavailing is the plaintiff's claim that the parties entered into another employment agreement in 1980 which was subsequently breached by the county. The documentary evidence submitted by the plaintiff does not support his contention that any agreement was ever reached with the county. Accordingly, the complaint failed to state a cause of action with respect to this claim.

The complaint also fails to state a cause of action with regard to the plaintiff's apparent claim that the county's actions violated his Federal and State constitutional and statutory rights. Furthermore, insofar as the plaintiff claims a

violation of his civil rights pursuant to 42 USC § 1983, the claim is untimely *(see, Giovannetti v Dormitory Auth.,* 115 AD2d 851, *affd* 69 NY2d 621).

Finally, the plaintiff's claims regarding alleged errors made by various administrative officers and bodies in construing, applying and administering the civil service laws are also untimely, as challenges to administrative determinations are governed by the four-month limitations period of CPLR 217. Mollen, P. J., Eiber, Sullivan and Harwood, JJ., concur.