■ HUNTSMAN CHEMICAL CORPORATION et al., Respondents, v TRI/INSUL COMPANY, INC., Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered September 9, 1991 in Albany County, which denied defendant's motion to dismiss the complaint for, *inter alia,* failure to state a cause of action.

Defendant is a domestic corporation located in the City of Albany. Plaintiffs, Huntsman Chemical Corporation and Huntsman Chemical Company of Canada, Inc., are parent company and wholly owned subsidiary of the parent company, respectively; they are both foreign corporations. In June 1991, plaintiffs commenced this action seeking monetary damages

based upon, *inter alia,* a claim for account stated against defendant. Without answering, defendant moved to dismiss plaintiffs' complaint pursuant to CPLR 3211 for failure to state a cause of action. Supreme Court denied the motion and this appeal by defendant ensued. We affirm.

It is well settled that on a motion to dismiss for failure to state a cause of action, every fact alleged must be assumed to be true and the complaint liberally construed in the plaintiff's favor *(Barr v Wackman,* 36 NY2d 371, 375). Additionally, if in any aspect upon the alleged facts the plaintiff is entitled to recover, the complaint must be sustained *(Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979, 979-980). Further, such a motion will be denied in its entirety where the complaint asserts several causes of action, at least one of which is legally sufficient and where the motion is aimed at the pleadings as a whole without particularizing the specific causes of action sought to be dismissed *(Halpern v Halpern,* 109 AD2d 818, 819).

In the instant action, defendant's motion is aimed at plaintiffs' complaint as a whole and must be denied in its entirety because the complaint asserts at least one cause of action which is legally sufficient. Assuming every fact alleged in the complaint to be true, plaintiffs averred that defendant is indebted to them for $687,550. Such amount constituted the sum of numerous billing invoices for polystyrene beads delivered to defendant from December 27, 1989 to March 18, 1991. Defendant was allegedly extended credit for the goods by plaintiffs during such time period. Plaintiffs' demands for payment from defendant were not complied with and the accounts are outstanding. Accordingly, we find that the complaint contains sufficient factual allegations to sustain a cause of action for account stated *(see, American Lithographic Co. v Dorrance-Sullivan & Co.,* 241 NY 306).

Weiss, P. J., Mikoll and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.