■ ROBERT E. FERN, Appellant, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent. [612 NYS2d 492] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Nicolai, J.), entered January 7, 1992 in Westchester County, which granted defendant's motion to dismiss the complaint.

Plaintiff was hired by defendant in 1960 and remained employed there until February 19, 1990. During his employment with defendant, plaintiff entered Pace University Law School's evening program in August 1981 and graduated in June 1985. In 1981, when plaintiff first applied for law school, he inquired of his manager whether tuition would be reimbursed under a tuition refund plan (hereinafter the Plan) maintained by defendant. Upon being told that the Plan did not cover education in law or medicine, plaintiff attended law school at his own expense.

Plaintiff had spoken to a fellow employee, Veronica Banton, who had also attended law school and inquired about the Plan. In 1985 at the very latest, plaintiff was informed by Banton that she had been reimbursed for her tuition. Believing that the only difference between plaintiff and Banton were differences in "skin color, gender and age", plaintiff submitted a written request for tuition reimbursement dated June 27, 1988. Defendant denied plaintiff's request by letter dated July 19, 1988.

In the mid to late 1980s through October 1988, plaintiff encountered personal problems which resulted in admittedly decreased job performance. Defendant advised plaintiff of its evaluation of his performance. After plaintiff was admitted to the New York Bar in May 1987, plaintiff engaged in the private practice of law while employed by defendant. Although plaintiff contends that the work was done primarily in the evenings and on weekends, he admits that where a court appearance was required on a weekday, he took advantage of defendant's flexible vacation plan to accommodate such appearance. Plaintiff further admits that he made his work telephone number available if clients needed to contact him during the day.

Plaintiff contends that in 1988 or 1989, defendant was

attempting to induce its older workers to retire early and directed its supervisors to pressure older workers to retire. During such period, plaintiff alleges that he was told that he "had better take advantage of the next retirement incentive offer that comes along". When a retirement incentive offering was thereafter made available to plaintiff, plaintiff contends that he was discharged as a result of his increased age and his refusal to voluntarily retire. Plaintiff further contends that at the time of discharge, defendant accessed certain information from plaintiff's "private storage area" which consisted of legal documents used by plaintiff in his private practice of law. Defendant claims that plaintiff's use of its computer equipment warranted dismissal of plaintiff for his misuse of company assets.

Plaintiff commenced the instant action in 1991, alleging causes of action based on violations of Executive Law § 296 (1) (a) for racial, gender and age discrimination resulting from defendant's failure to consider him for reimbursement under the Plan, on age discrimination as the basis of his termination, and a violation of Penal Law § 250.05. Defendant's motion to dismiss the complaint was granted by Supreme Court. Plaintiff appeals.

Addressing first the timeliness of plaintiff's first cause of action based upon defendant's failure to consider him for reimbursement under the Plan, we note that the applicable statute of limitations period for actions arising under Executive Law § 296 is three years (Koerner v State of New York, 62 NY2d 442). Although plaintiff contends that he timely filed the instant action based upon the rejection of his formal request for reimbursement by letter dated July 19, 1988, we agree with Supreme Court that the alleged act which underlies the instant claim of discrimination is based upon plaintiff's knowledge, acquired in 1985, that defendant granted reimbursement to Banton. As it is well settled that a cause of action accrues when the act complained of occurs and as it is uncontested that plaintiff knew of this injury in 1985, we find that Supreme Court properly dismissed the first cause of action as time barred (see, Matter of Board of Educ. v New York State Div. of Human Rights [Burns], 56 NY2d 257, 262; Giovannetti v Dormitory Auth., 115 AD2d 851, affd 69 NY2d 621).

Addressing next defendant's motion to dismiss due to a defense founded upon documentary evidence, it is well settled that in reviewing such motion, every fact alleged must be assumed to be true with the complaint liberally construed in

plaintiff's favor *(see, Barr v Wackman,* 36 NY2d 371, 375). To succeed, "the documentary evidence that forms the basis of a defendant's defense must be such that it resolves all the factual issues as a matter of law and conclusively and definitively disposes of the plaintiff's claim" *(Fernandez v Cigna Prop. & Cas. Ins. Co.,* 188 AD2d 700, 702; *see, Lake Placid Vil. v Lake Placid Main St. Corp.,* 90 AD2d 873, 874). In viewing the complaint herein, we find that plaintiff has sufficiently set forth a cause of action alleging discrimination pursuant to Executive Law § 296 (1) (a) by his specific allegations concerning defendant's policy of attempting to induce its older workers to retire early as well as the statements made to him by his supervisor which preceded his discharge after refusing to voluntarily retire *(see, Barr v Wackman, supra; Heffernan v Colonie Country Club,* 160 AD2d 1062). Without commenting on plaintiff's likelihood of success, we note that the documentary evidence submitted by defendant does not resolve, as a matter of law, the question of whether defendant targeted older employees and whether plaintiff was discriminated against as a result of a pattern or practice of discrimination. Accordingly, we reverse Supreme Court's dismissal of this cause of action.

Addressing next the third cause of action alleging a violation of Penal Law § 250.05, we are mindful that in finding a viable cause of action alleging discrimination pursuant to Executive Law § 296 (1) (a), we could uphold the cause of action now under review because defendant's motion was "aimed at the pleadings as a whole without particularizing the specific causes of action sought to be dismissed" *(Huntsman Chem. Corp. v Tri/Insul Co.,* 183 AD2d 1002, 1003). However, as the instant cause of action is significantly different from the other allegations, we will not be so constrained *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:26, at 41). In light of the test enunciated in *Burns Jackson Miller Summit & Spitzer v Lindner* (59 NY2d 314), we find that plaintiff has failed to sufficiently plead a private cause of action. Accordingly, that cause of action is hereby dismissed.

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the second cause of action; motion denied to that extent; and, as so modified, affirmed.