■ CHRISTOPHER WARREN, Respondent, v SHERIFF'S OFFICE, COUNTY OF ORANGE, Appellant. [663 NYS2d 47] —In an action pursuant to 42 USC § 1983 to recover damages for the alleged violation of the plaintiff's First Amendment and due process rights, the defendant appeals from an order of the Supreme Court, Orange County (Bellantoni, J.), dated June 26, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff, a corrections officer employed by the defendant

Sheriff's Office, County of Orange, violated a departmental rule when he gave a statement to a newspaper reporter without first obtaining authorization from his supervisors. As a result of his actions, the plaintiff was suspended without pay for a 30-day period. The plaintiff was in the process of seeking administrative review when he was allegedly threatened with the loss of his job if he filed a grievance. The plaintiff then commenced this lawsuit pursuant to 42 USC § 1983 seeking damages for the violation of his civil rights. The plaintiff claimed that (1) the defendant violated his First Amendment right to freedom of speech for expressing his opinion as to the relocation of the Orange County jail, and (2) his due process rights were violated when he was threatened with the termination of his employment for exercising his right to file a grievance.

We find that the plaintiff's complaint was deficient as to his claim that he was denied his right to due process. The plaintiff argues that he was threatened with the termination of his employment if he filed a grievance. The filing of grievance complaints and lawsuits is constitutionally protected (*see, Bounds v Smith,* 430 US 817 [referring to right of access to the courts]). However, 42 USC § 1983 requires an actual deprivation of a constitutional right and a mere threat to deprive a person of a right does not meet this requirement (*see, Mermer v Constantine,* 131 AD2d 28; *Lamar v Steele,* 698 F2d 1286, *cert denied* 464 US 821; *Macko v Byron,* 760 F2d 95; *Gaut v Sunn,* 810 F2d 923). Since the plaintiff had not yet been deprived of any due process rights, a cause of action pursuant to 42 USC § 1983 cannot be maintained. While the defendant may have threatened the plaintiff with the loss of his employment if he filed a grievance, no disciplinary action was ever taken or initiated by the defendant in connection with the plaintiff's attempt to file a grievance. Threats against continued employment do not implicate due process (*see, Mermer v Constantine, supra*). Thus, summary judgment should have been granted with respect to the plaintiff's due process claim.

The plaintiff also contends that his First Amendment right to free speech was violated because he was suspended in retaliation for his public statements concerning the possible relocation of the jail.

Although the plaintiff's statements may be characterized as touching on a matter of public concern (*see, Connick v Myers,* 461 US 138, 150-151), their primary focus involved his personal concerns over the proposed move of the Orange County Jail from Goshen to Newburgh. Considering the defendant's inter-

est in maintaining the necessary discipline, *espirit de corps,* and uniformity (*see, Kelley v Johnson,* 425 US 238), the defendant may not be held liable under 42 USC § 1983 after balancing the plaintiff's particular expression and the defendant's interest in the effective and efficient fulfillment of its responsibilities to the public (*see, White Plains Towing Corp. v Patterson,* 991 F2d 1049, 1059, *cert denied sub nom. White Plains Towing Corp. v Wright,* 510 US 865). There need not have been actual disruption of the defendant's office if the potential for disruption outweighed the First Amendment value of the plaintiff's remarks (*see, Jeffries v Harleston,* 52 F3d 9, 13, *cert denied* 516 US 862).

Under these circumstances, the defendant's motion for summary judgment should have been granted. O'Brien, J. P., Joy, Goldstein and Luciano, JJ., concur.