■ IRMA B. SANCHEZ et al., Appellants, v ANDRES P. OROZCO et al., Respondents, et al., Defendant.—Motion denied wherein it seeks leave to appeal to Court of Appeals; wherein reargument is sought, motion granted to extent of recalling and vacating this Court's unpublished decision and order (Appeal No. 43055-56) entered on July 11, 1991, and a new decision and order substituted therefor and entered simultaneously herein.

Order of the Supreme Court, Bronx County (Anita Florio, J.), entered on June 15, 1989, which, *inter alia,* granted the motion of defendants Soundview-Throgs Neck Community Mental Health Center and Yeshiva University to vacate the supplemental summons and second amended complaint as untimely, and denied the cross-motion to serve a third amended complaint, unanimously modified, on the law, to the extent of reversing so much of the order as dismissed that part of the amended complaint which added a derivative cause of action for loss of services by Nelson Sanchez against Andres Orozco, and otherwise affirmed, and the derivative claim is reinstated, with costs to be apportioned.

Order of the Supreme Court, Bronx County (Anita Florio, J.), entered on October 9, 1990, which, *inter alia,* granted defendants' cross-motions to dismiss the third and fourth causes of action in the proposed second amended complaint respectively for intentional infliction of mental distress, and *prima facie* tort, unanimously modified, on the law, to the extent of reversing that part of the order which dismissed the third cause of action, the third cause of action is reinstated, and otherwise affirmed, with costs to be apportioned.

This is an action for damages brought by a psychiatric patient against her psychiatrist and others for injuries alleged to have resulted from a sexual relationship between the defendant, Dr. Andres Orozco, and plaintiff. The relationship was admitted by Dr. Orozco in a licensing proceeding which resulted in a finding of professional misconduct and suspension of his license to practice medicine. That determination was confirmed on appeal. *(See, Matter of Orozco v Sobol,* 162 AD2d 834.)

In December 1984, plaintiff became a patient of Dr. Orozco at the Soundview-Throgs Neck Community Mental Health Center, a clinic owned and operated by defendant Yeshiva University. Her last appointment at Soundview was on October 18, 1985. Thereafter, she saw Dr. Orozco at his office at the Bronx Mental Health Center, and began a sexual relation-

ship with Dr. Orozco, meeting at hotels, which continued until January of 1987. In June 1986, plaintiff became a psychiatric patient at Mount Sinai Hospital, where her therapist urged her to terminate her sexual relationship with Dr. Orozco. Sometime in the Fall of 1986, plaintiff allegedly returned to Soundview and informed staff psychologist Robert Kennedy and certified social worker Beth Barry of her sexual relationship with Dr. Orozco.

This appeal involves an effort by plaintiff to amend the complaint a second time to assert claims against Barry and Kennedy, and Bronx Mental Health Center and its owner Dr. Hugo Morales, and to include plaintiff's husband, Nelson Sanchez, as a plaintiff asserting a derivative claim. Plaintiff previously amended the complaint as of right to include Yeshiva University as a defendant. Thereafter, plaintiff's former counsel attempted to amend the complaint without leave and not as of right. Then plaintiff's former counsel brought and subsequently withdrew a motion for leave to amend the complaint.

The Motion Court treated plaintiff's current motion as a motion to renew her abandoned motion for leave to amend the complaint, and treated the defendants' cross-motion as an opposition thereto.

This appeal is a consolidation of appeals from two orders entered by the Motion Court. The first order granted the motions of Barry and Kennedy to dismiss the proposed amended complaint as untimely, and denied plaintiff's motion for leave to serve a verified amended complaint *nunc pro tunc.* After the first order was entered, the Regents Review Committee rejected the factual findings of the hearing panel that Dr. Orozco was not guilty of unprofessional conduct and had not evidenced moral unfitness to practice medicine. The Regents held that as a matter of law "the physical contact herein of a sexual nature between psychiatrist and a patient constitutes a violation of the Rules of the Board of Regents." Plaintiff moved for leave to renew based upon the determination of the Regents Review Committee. The second order denied reargument or renewal of the first order, granted the motion for summary judgment of proposed additional defendants Bronx Mental Health Center and its owner Hugo Morales, and dismissed the derivative claim of plaintiff's husband as untimely.

The Motion Court held that the claimed communication with Barry and Kennedy at Soundview did not give rise to a

duty of care and further held that the findings of the Regents Review Committee should not be given preclusive effect in this action. The record supports these findings.

This order is issued on reargument to correct an error in the earlier decision with respect to the timeliness of the complaint against Soundview and Yeshiva. There is no question that the initial complaint, amended as of right, is timely as against Soundview and Yeshiva. The dispositive issue with respect to Soundview and Yeshiva is duty not timeliness. This record does not present the issue of how this complaint can withstand a challenge on the merits under *Noto v St. Vincent's Hosp.* (160 AD2d 656).

With respect to the timeliness of the derivative claim, a question of fact is presented as to when the physician-patient relationship between plaintiff and Dr. Orozco terminated. *(See, McDermott v Torre,* 56 NY2d 399.) The amended complaint, including the derivative claim, was served on September 2, 1988. If the physician-patient relationship were found to have terminated on October 18, 1985, the derivative claim would be untimely. However, in light of the continued contact and prescription of medication, a factual finding of continuous treatment by Dr. Orozco could reasonably be made on this record. While the isolated prescription of medication, without more, does not suffice to establish continuous treatment *(Matter of Cooper v Kaplan,* 163 AD2d 215), here there were several instances of prescribing medication. Thus, the Motion Court erred in holding as a matter of law that the derivative claim was untimely.

We think it was inappropriate for the Motion Court to characterize the relationship between a doctor and patient as "merely lovers", and to state that the prescription of medication "must be viewed as an accommodation only." We agree, however, that the Regents' finding of professional misconduct should not be given preclusive effect in this action and is merely evidence *(Stevenson v Goomar,* 148 AD2d 217, *lv dismissed* 74 NY2d 945).

As to Bronx Mental Health Center and its owner, Dr. Hugo Morales, we agree that the record contains no evidence of a professional duty owed to plaintiff by either Bronx Mental or Morales, and we affirm the Motion Court's finding that the relationship between Bronx Mental and Dr. Orozco was one of landlord-tenant. *(See, Noto v St. Vincent's Hosp. supra.)*

The Motion Court held that under *Watkins v Fromm* (108 AD2d 233), any continuous treatment by Dr. Orozco could not

as a matter of law be imputed to Soundview or its employees to revive an otherwise untimely action. We affirm the Motion Court's holding that the complaint, as against Barry and Kennedy, is barred by the applicable statute of limitations (CPLR 214-a), and that there is no imputation of continuous treatment. *Watkins v Fromm (supra)* is inapplicable.

We also affirm the Motion Court's holding that the fourth cause of action, for *prima facie* tort, was pleaded insufficiently. *(See, Roberts v Pollack,* 92 AD2d 440, 447.) On this record, we reinstate the third cause of action seeking damages for emotional distress, based on the allegation that respondent persuaded plaintiff to have sexual relations with him in order for her to obtain a therapeutic benefit. *(See, Noto v St. Vincent's Hosp., supra.)* The cause of action for mental distress is further supported by the allegation that respondent placed numerous harassing telephone calls to plaintiff after she terminated their sexual relationship. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Kassal, JJ.