[660 NYS2d 906]

Mary Lynn Dana, Also Known as Mary Lynn Reinhardt, on Behalf of Herself and All Others Similarly Situated, Respondent, v Oak Park Marina, Inc., et al., Appellants.

Fourth Department, April 7, 1997

APPEARANCES OF COUNSEL

*Harter, Secrest,* Rochester *(Richard E. Alexander* of counsel), for appellants.

*Christopher S. Ciaccio,* Rochester, for respondent.

## OPINION OF THE COURT

BALIO, J.

Defendant Oak Park Marina, Inc. (corporation) owns and operates a marina on the shore of Lake Ontario in North Rose, New York. The individual defendants are officers of the corporation and operators of the marina. One of the buildings on the marina site includes an office area where employees, including lifeguards, are allowed to change. It also includes men's and ladies' rest rooms for use by marina patrons and their guests. The rest rooms include a changing area, shower facilities and toilets. In 1993 the corporation installed a video surveillance camera in each of the rest rooms purportedly for the purpose of detecting and curbing vandalism. The following year the corporation installed two video surveillance cameras in the office area purportedly for the purpose of detecting theft of marina property. Plaintiff, a marina patron who utilized the ladies' rest room, commenced this action by filing the summons and complaint with the Monroe County Clerk on February 26, 1996. The amended complaint, which seeks relief for plaintiff and all others similarly situated, alleges that defendants videotaped about 150 to 200 female patrons and guests in various stages of undress without their knowledge or consent; that the videotapes were viewed by defendants and others; and that the tapes were displayed to others for purposes of trade. The amended complaint asserts causes of action for negligence in inflicting severe mental and emotional distress by failing to ensure the privacy of patrons and guests utilizing the ladies' rest room, reckless infliction of emotional distress, sex discrimination in violation of section 296 of the Executive Law, violation of Civil Rights Law § 51, and breach of contract.

Defendants brought a preanswer motion to dismiss the causes of action for reckless infliction of emotional distress and violation of the Civil Rights Law as time barred (*see,* CPLR 3211 [a] [5]) and to dismiss the amended complaint in its entirety for failure to state a cause of action (*see,* CPLR 3211 [a] [7]).

Supreme Court granted the motion insofar as it sought dismissal of the cause of action for sex discrimination in violation

of Executive Law § 296 and denied the remainder of the motion. Defendants appeal.

## Negligent Infliction of Emotional Distress

■ The first cause of action in the amended complaint alleges that "[d]efendants owed a duty of reasonable care * * * in regard to keeping [plaintiff and others similarly situated] free from undue humiliation, insult and anguish, and in regard to ensuring their privacy"; that defendants breached that duty by videotaping them without their knowledge and consent and allowing the tapes to be viewed by defendants, their employees and other persons, also without plaintiff's knowledge or consent; and that as a result of defendants' negligence, plaintiff sustained severe mental anguish, distress and humiliation.

On a preanswer motion to dismiss for failure to state a cause of action, "[w]e accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88).

As a general rule, a plaintiff who has not suffered any physical injury may recover damages for mental or emotional distress if she can establish that defendant owed a duty to her and that a breach of that duty directly resulted in mental or emotional harm (*see, Bovsun v Sanperi*, 61 NY2d 219, 223-224; *Kennedy v McKesson Co.*, 58 NY2d 500, 504). Even absent proof that defendant owed a general duty to plaintiff, New York has permitted recovery where the defendant negligently transmitted information concerning the death of a relative (*see, Johnson v State of New York*, 37 NY2d 378), failed to reveal the results of an autopsy concerning the death of a relative (*see, Lauer v City of New York*, 171 Misc 2d 832) or negligently mishandled a corpse (*see, Augeri v Roman Catholic Diocese*, 225 AD2d 1105). However, those exceptions do not apply here.

The court concluded that the amended complaint states a cause of action for negligent infliction of emotional distress because it is "a somewhat close issue" whether the facts stated in the complaint establish that the corporation owed a duty as an innkeeper or hotel owner to exercise reasonable care to protect plaintiff from mental or emotional harm (*see, Boyce v Greeley Sq. Hotel Co.*, 228 NY 106, 109; *see generally*, 66 NY Jur 2d, Hotels, Motels, and Restaurants, §§ 3, 62). We disagree. There is no factual allegation that would support an inference

that the corporation provides customary hotel services to transients desiring to utilize its facilities. The complaint alleges only that the corporation permits patrons and guests to dock their boats at the marina and to use the ladies' rest room and showering facility.

Additionally, the corporation owed no common-law duty to protect plaintiff's privacy. There is no common-law right to privacy. In New York, "the right to privacy is governed exclusively by sections 50 and 51 of the Civil Rights Law" (*Howell v New York Post Co.*, 81 NY2d 115, 123; *see also, Hampton v Guare*, 195 AD2d 366, *lv denied* 82 NY2d 659).

We nevertheless conclude that the corporation, as owner of the premises, owed a statutory duty to refrain from installing a videotape camera in the ladies' rest room at the marina. Section 395-b (2) of the General Business Law prohibits the installation of cameras in "any fitting room, restroom, toilet, bathroom, washroom, shower, or any room assigned to guests or patrons in a motel, hotel or inn" for the purpose of surreptitiously observing the interior of those facilities. The statute is intended to protect persons, such as plaintiff, who are surreptitiously viewed while lawfully utilizing the described facilities. Although it appears that the statute does not create an independent private cause of action for persons harmed by a violation of its provisions, we nevertheless conclude that that statute sets forth a duty owed directly to plaintiff that may serve as a basis for a cause of action for the negligent infliction of emotional distress. The amended complaint alleges that the corporation engaged in conduct constituting a violation of a statutory duty owed to plaintiff and, thus, states a cause of action against the corporation for the negligent infliction of emotional distress.

## Reckless Infliction of Emotional Distress

■ Defendants contend that New York does not recognize a cause of action for the reckless infliction of emotional distress. We disagree. Although the Court of Appeals has not held that a cause of action exists in a case factually involving reckless, but not intentional, infliction of emotional distress, that Court, in a series of cases, has "adopted" the rule formulated in section 46 (1) of the Restatement (Second) of Torts that "[o]ne who by extreme and outrageous conduct intentionally *or recklessly* causes severe emotional distress to another is subject to liability for such emotional distress" ([emphasis added] *see, Howell v New York Post Co., supra*, at 121; *Freihofer v Hearst Corp.*,

65 NY2d 135, 143; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303; *Fischer v Maloney*, 43 NY2d 553, 557). Moreover, the Court has stated that the tort has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, *or disregard of a substantial probability of causing,* severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Howell v New York Post Co., supra,* at 121 [emphasis added]). The italicized phrase comports with general descriptions of recklessness in tort matters (*see, e.g., Rolf v Blyth, Eastman Dillon & Co.*, 570 F2d 38, 47, *cert denied* 439 US 1039; *Modern Settings v Prudential-Bache Sec.*, 603 F Supp 370, 372; *see generally,* Prosser and Keeton, Torts § 34, at 214 [5th ed]) and is similar to the Restatement's description of recklessness (*see,* Restatement [Second] of Torts § 46 [1], comment *i;* § 500). The Third Department similarly has considered reckless conduct to be encompassed within the tort that is commonly referred to as the intentional infliction of emotional distress (*see, Olmstead v Federated Dept. Stores*, 208 AD2d 979, 981, *lv denied* 85 NY2d 811), and the Second Department has concluded that a complaint alleging reckless conduct states a cause of action for intentional infliction of emotional distress (*see, Beck v Libraro*, 220 App Div 547; *see also, Mitran v Williamson*, 21 Misc 2d 106; *see generally,* 2 NY PJI 47-48 [1997 Supp]).

In our view, reckless conduct is encompassed within the tort denominated intentional infliction of emotional distress. We thus conclude that a complaint alleging that defendants acted "recklessly and with utter disregard that the Plaintiff and others would be harmed, humiliated and suffer extreme mental anguish and distress" alleges that defendants disregarded "a substantial probability of causing" severe emotional distress (*Howell v New York Post Co., supra,* at 121). Further, the amended complaint alleges that defendants surreptitiously videotaped plaintiff without her consent, viewed videotapes of plaintiff and others in various stages of undress for personal and unjustifiable purposes and displayed those tapes to others for purposes of trade, thereby sufficiently alleging conduct that a jury could find to be extreme and outrageous (*see, Liberti v Walt Disney World Co.*, 912 F Supp 1494, 1505-1506). Thus, we conclude that the amended complaint states a cause of action for reckless infliction of emotional distress.

We also disagree with defendants' contention that, because defendants ceased conducting videotape surveillance of the ladies' rest room after Labor Day weekend in 1994, this

cause of action is barred by the Statute of Limitations. That contention is misplaced because the cause of action did not accrue until plaintiff suffered extreme emotional distress, which did not occur until plaintiff discovered defendants' conduct.

The parties agree that the instant cause of action is governed by the one-year Statute of Limitations for intentional torts (*see*, CPLR 215 [3]; *Goldner v Sullivan, Gough, Skipworth, Summers & Smith*, 105 AD2d 1149) but disagree with respect to the date the cause of action accrued and, thus, the date that the limitations period commenced to run.

"As a general proposition, it is upon injury that a legal right to relief arises in a tort action and the Statute of Limitations begins to run" (*Ackerman v Price Waterhouse*, 84 NY2d 535, 541, *mot to amend remittitur denied* 85 NY2d 836). "The Statute of Limitations does not run until there is a legal right to relief. Stated another way, accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94; *see, Snyder v Town Insulation*, 81 NY2d 429, 432; *see also, Vigilant Ins. Co. v Housing Auth.*, 87 NY2d 36, 43; *Podraza v Carriero*, 212 AD2d 331, *lv dismissed* 86 NY2d 885). Plaintiff must establish that she suffered severe emotional distress, an essential element of her cause of action (*see, Howell v New York Post Co., supra*, at 121). Where damages are an essential element of the tort, "the claim is not enforceable until damages are sustained" (*Kronos, Inc. v AVX Corp., supra*, at 94; *see also, Piper v International Bus. Machs. Corp.*, 219 AD2d 56, 58).

Thus, all of the elements of the cause of action for reckless infliction of emotional distress were not present until plaintiff suffered severe emotional distress, i.e., when plaintiff first learned that she had been videotaped while undressing in the ladies' room at the marina (*see, Augeri v Roman Catholic Diocese, supra*).

We reject defendants' contention that the cause of action for intentional or reckless infliction of emotional distress must be dismissed because plaintiff failed to "sufficiently set forth *concrete factual allegations* of a continuing course of conduct that terminated within one year of plaintiff's commencing this action" (*Drury v Tucker*, 210 AD2d 891, 892 [emphasis added in defendants' brief]). Such allegations are required only when a plaintiff seeks to apply the continuous tort doctrine. In that circumstance, where a plaintiff alleges a continued series of extreme and outrageous acts each of which would be indepen-

dently actionable, the Statute of Limitations does not begin to run until the last actionable act (*see, Drury v Tucker, supra; Wolff v City of N. Y. Fin. Servs. Agency [FISA]*, 939 F Supp 258, 264; *Bonner v Guccione*, 916 F Supp 271, 277; *Neufeld v Neufeld*, 910 F Supp 977, 983). To the extent that our decision in *Foley v Mobil Chem. Co.* (214 AD2d 1003) may be interpreted to hold that the continuous tort doctrine does not apply to a cause of action for intentional infliction of emotional distress, it is no longer to be followed. In the instant case, however, plaintiff alleges that her claim accrued when she suffered emotional distress, i.e., when she discovered that she had been videotaped. She does not contend that she suffered extreme emotional distress on repeated occasions and does not seek to invoke the continuous tort doctrine.

This action was commenced on February 26, 1996. Defendants, having moved for dismissal on Statute of Limitations grounds, had the burden of establishing that this cause of action was time barred. Defendants failed to establish that plaintiff learned of the unauthorized and surreptitious videotaping more than one year prior to commencement of the action and, thus, failed to meet their burden.

### Violation of Civil Rights Law § 51

Plaintiff alleges that the videotapes taken of plaintiff and other patrons and guests without their knowledge or consent were displayed to others by defendants for purposes of trade in violation of section 51 of the Civil Rights Law. Defendants contend that this cause of action is time barred because defendants ceased videotaping after Labor Day weekend in 1994. We disagree.

We agree with defendants that the one-year Statute of Limitations applies to this cause of action (*see,* CPLR 215 [3]; *Pascuzzi v Montcalm Publ. Corp.*, 65 AD2d 786). We conclude, however, that the cause of action accrued when the injury in fact occurred, i.e., when the videotapes were displayed to third persons for purposes of trade (*see, Pascuzzi v Montcalm Publ. Corp., supra*). Because defendants failed to establish that the videotapes were displayed to third persons more than a year before commencement of the action, the court properly denied their motion to dismiss this cause of action as time barred.

### Breach of Contract

The fifth cause of action alleges that plaintiff and others paid a fee and entered into a contract with the corporation for

the right to use marina facilities, including the ladies' rest room and that, by videotaping them without their consent, the corporation breached that contract by depriving plaintiff and others of the benefits and privileges implicit in the contract. Plaintiff seeks damages for severe mental and emotional anguish and distress.

The court should have dismissed this cause of action for failure to state a cause of action. "[A]bsent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty" (*Wehringer v Standard Sec. Life Ins. Co.*, 57 NY2d 757, 759).

## Conclusion

Accordingly, the order should be modified by granting in part defendants' motion and dismissing the fifth cause of action against the corporation and the first cause of action against the individual defendants.

GREEN, J. P., LAWTON, DOERR and FALLON, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by BALIO, J.