■ MOLLY MASTRO, Individually and as Parent and Natural Guardian of MOLLY DIBATTISTO, an Infant, et al., Respondents-Appellants, v OAK PARK MARINA, INC., et al., Appellants-Respondents. [661 NYS2d 554] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs were patrons or guests, or the parents or spouses of patrons or guests, of the Oak Park Marina, located on the shore of Lake Ontario in North Rose, New York. They assert causes of action virtually identical to those asserted in *Dana v Oak Park Marina* (230 AD2d 204), and the same defendants have moved to dismiss the instant complaint on the same grounds asserted in *Dana*. Thus, for the reasons stated in *Dana*, we conclude that Supreme Court properly denied defendants' motion to dismiss the first cause of action insofar as it alleges negligent infliction of emotional distress against the corporate defendants, the third cause of action for intentional and reckless infliction of emotional distress, and the sixth cause of action for violation of Civil Rights Law § 51. The court properly refused to dismiss

the seventh cause of action, which asserts derivative claims on behalf of parents and spouses of patrons and guests of the marina.

Further, the court properly dismissed the fourth and fifth causes of action. The fourth cause of action asserts a cause of action for the negligent infliction of emotional distress and, thus, was duplicitous of the first cause of action. The fifth cause of action alleges gender discrimination in violation of Executive Law § 296 but does not factually allege a violation of that statute. There is no allegation that female patrons or guests were denied accommodations or the use of facilities on the basis of gender, and the record establishes that defendants also installed a video camera in the men's room and surreptitiously conducted surveillance of persons using that facility.

However, the court should have dismissed the second cause of action, which alleges breach of privacy and/or breach of contract, as well as the first cause of action insofar as it asserts a negligence cause of action against the individual defendants (*see, Dana v Oak Park Marina, supra*), and we modify the order by granting in part the motion of defendants to that extent. (Appeals from Order of Supreme Court, Monroe County, Lunn, J.—Dismiss Causes of Action.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.