■ JAMES L. GREENFIELD, Appellant, v ERIC B. SCHULTZ et al., Respondents. [673 NYS2d 684] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about April 11, 1997, which granted defendants' motion for summary judgment dismissing the complaint, denied plaintiff's motions for leave to amend the complaint and for leave to serve nonparty subpoenas, and imposed sanctions of $6,000 against plaintiff's attorney and $4,000 against plaintiff pursuant to 22 NYCRR 130-1.1 (*see*, 173 Misc 2d 31), unanimously modified, on the law, the provision for sanctions vacated and the matter remanded for a hearing in compliance with the requirements of 22 NYCRR 130-1.1 (d), and otherwise affirmed, without costs.

Even if all of plaintiff's assertions are assumed to be true, and even if he is granted every favorable inference as to defendants' motives, he has failed to demonstrate in response to defendants' motion for summary judgment that he has any legally cognizable claim for relief. In the absence of any evidence that process was issued by defendants with an ulterior motive to cause harm, completely devoid of social or economic justification, plaintiff's claim for abuse of process cannot be sustained (*see, Buccieri v Franzreb*, 201 AD2d 356, 358). Nor has plaintiff, in the absence of any demonstrated likelihood that defendants will issue improper subpoenas, made the

requisite showing to enjoin issuance of such subpoenas. Nor, even if we were to assume some violation by defendants of Penal Law § 250.30, has plaintiff shown the availability of a civil cause of action based on violations of that criminal statute (*see generally, Sheehy v Big Flats Community Day*, 73 NY2d 629, 633-634).

Since plaintiff improperly raises his violation of trade secrets claim for the first time on appeal, we do not reach it (*see, Matter of Cross-Sound Ferry Servs. v Department of Transp.*, 219 AD2d 346, 350).

Although we do not disagree with the motion court that plaintiff's prosecution of meritless claims was unreasonable and may justify the imposition of some sanction, there should not have been a determination without a hearing (*see*, 22 NYCRR 130-1.1 [d]; *Murray v National Broadcasting Co.*, 214 AD2d 708, 711-712). Accordingly, the matter should be remanded for that purpose (*see, Landes v Landes*, 248 AD2d 268).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Williams and Mazzarelli, JJ. *[See, 173 Misc 2d 31.]*