(November 13, 2001)

■ LEX TENANTS CORP., Respondent, v GRAMERCY NORTH ASSOCIATES et al., Appellants and Third-Party Plaintiffs-Appellants. KEITH DEMATTEIS et al., Third-Party Defendants-

Respondents. [732 NYS2d 340] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about August 3, 2000, which granted plaintiff's and third-party defendants' motion for summary judgment dismissing defendants and third-party plaintiffs' ninth and tenth counterclaims in the main action and first and second causes of action in the purported third-party action, unanimously affirmed, with costs.

The causes of action at issue on this appeal, purportedly for breach of fiduciary duty, are asserted by Gramercy North Associates (Associates), a limited partnership that is a shareholder of plaintiff cooperative corporation (Lex Tenants), and two general partners of Associates, against Lex Tenants and several of Lex Tenants' present or former directors. The movants submitted evidence, including, *inter alia*, the deposition testimony of the Associates general partner who was represented as having relevant knowledge, which Associates failed to rebut, establishing that Associates was unable to identify any actual loss that resulted from any alleged separate and distinct wrong to Associates. Accordingly, the causes of action seeking damages were correctly dismissed, since Associates will be unable to recover any more than nominal compensatory damages at trial (*see, Abrams v Donati*, 66 NY2d 951, 953; *cf., Gibbs v Breed, Abbott & Morgan*, 271 AD2d 180, 189), and has failed to come forward with evidence of misconduct by the movants that would meet the "very high threshold of moral culpability" (*Giblin v Murphy*, 73 NY2d 769, 772) required for an award of punitive damages. The causes of action seeking injunctive relief were also properly dismissed since, it appearing to be undisputed that the misconduct alleged by Associates has not recurred for years, there does not appear to be a likelihood of future misconduct (*see, Greenfield v Schultz*, 251 AD2d 67, 67-68, *affg in pertinent part* 173 Misc 2d 31, 35-36). Finally, the denial of an earlier summary judgment motion addressed to these causes of action did not render inappropriate the granting of this motion, since the second motion was based on evidence obtained from Associates through discovery after disposition of the earlier motion (*cf., Phoenix Four v Albertini*, 245 AD2d 166). Concur—Sullivan, P. J., Williams, Tom, Mazzarelli and Andrias, JJ.