Clark v Elam Sand & Gravel, Inc. (2004 NY Slip Op 24164)

Clark v Elam Sand & Gravel, Inc.

2004 NY Slip Op 24164 [4 Misc 3d 294]

May 19, 2004

Supreme Court, Ontario County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 11, 2004

[*1]
Benjamin E. Clark, Plaintiff,
v
Elam Sand and Gravel, Inc., et al., Defendants.
Supreme Court, Ontario County, May 19, 2004

APPEARANCES OF COUNSEL

Woods Oviatt Gilman, LLP (Greta K. Kolcon of counsel), for defendants. David A. Merkel for plaintiff.

{**4 Misc 3d at 295} OPINION OF THE COURT

Craig J. Doran, J.
Defendants in the above-captioned action move to dismiss the amended complaint herein pursuant to CPLR 3211 on the grounds that the amended complaint fails to state any causes of action as a matter of law.
This action seeks money damages and alleges that the plaintiff was an employee of defendant Elam Sand and Gravel, Inc., of which defendant David Spallina is president. The amended complaint attempts to state two separate causes of action for infliction of emotional distress, and demands compensatory and punitive damages. The first cause of action is against both defendants and claims that the defendants installed and maintained video and telephone surveillance in the workplace without the plaintiff's knowledge, and that the "carelessness and negligence of the defendants . . . resulted in injury and severe emotional distress to the Plaintiff." The second cause of action is directed at defendant Spallina alone and claims that after the plaintiff discovered the hidden video camera and phone tapping device and confronted the defendant, Spallina "took a cause of action to harass, humiliate and frighten the Plaintiff." The alleged wrongful conduct is specified as "showing [the plaintiff] a gun on various occasions and by innuendo he would use to shoot whoever installed the devices, he would become belligerent, slam doors, talk sarcastically to the Plaintiff and sarcastically asked to use the phones when there was no need to do so."
For the reasons set forth below, this court determines that there are no cognizable legal causes of action against either of the defendants in the instant action, even viewing the amended complaint in the light most favorable to the plaintiff.
The amended complaint attempts to state two separate claims for infliction of emotional distress. First addressing a possible claim for intentional infliction of emotional distress, this court notes that liability for such a claim has been found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (see, [*2]Howell v New York Post Co., 81 NY2d 115, 122 [1993]). This court determines as a matter of law that the plaintiff has failed to allege conduct sufficiently outrageous in character to support a cause of action for intentional infliction of {**4 Misc 3d at 296}emotional distress (see, Howell v New York Post Co., 81 NY2d 115 [1993]; Sclar v Fayetteville-Manlius School Dist., 300 AD2d 1115 [2002]).
Likewise, the first cause of action fails to support a cause of action for negligent infliction of emotional distress. As a general rule, a plaintiff who has not suffered any physical injury may recover damages for mental or emotional distress if he can establish that defendant owed a duty to him and that a breach of that duty directly resulted in mental or emotional harm (see, Rainnie v Community Mem. Hosp., 87 AD2d 707 [1982]). Although the amended complaint alleges that defendants owed a duty to provide privacy in the workplace to plaintiff, there simply is no such right in New York. In this state the right to privacy is governed exclusively by sections 50 and 51 of the Civil Rights Law; we have no common-law right of privacy (see, Howell v New York Post Co., supra). There being no common-law duty to protect plaintiff's privacy in the instant action, this court must examine whether or not the defendants owed a statutory duty to plaintiff.
The plaintiff herein relies exclusively on the Fourth Department case of Dana v Oak Park Mar. (230 AD2d 204 [1997]) in urging this court to find a statutory duty of care. In Dana, the complaint alleged that female patrons of a marina were videotaped in the ladies restroom in various states of undress without their knowledge or consent. The Dana court found that although no common-law duty to protect privacy existed, a specific statutory duty existed pursuant to section 395-b (2) of the General Business Law, which prohibits installation of cameras in "any fitting room, restroom, toilet, bathroom, washroom, shower" for the purpose of surreptitiously observing the interior of those facilities. Dana found that the statutory duty provided a basis upon which the plaintiff could proceed with the complaint for negligent infliction of emotional distress. The crucial distinction between Dana and the instant case is that the alleged videotaping in this amended complaint is not claimed to have occurred in one of the statutorily designated realms of privacy, such as a restroom or shower facility. Instead, the complaint in the instant action specifically alleges videotaping that took place in business offices, including the plaintiff's work area.
The only remaining allegation in the amended complaint that might afford the plaintiff a statutory protection is the defendants' alleged use of a phone tap and/or recording device in plaintiff's {**4 Misc 3d at 297}work area. However, even if this court were to assume some violation by defendants of section 250.05 of the Penal Law, the plaintiff has failed to show the availability of a civil cause of action based upon violations of that criminal statute (see, Greenfield v Schultz, 251 AD2d 67 [1998]; Fern v International Bus. Mach. Corp., 204 AD2d 907 [1994]; Talmor v Talmor, 185 Misc 2d 293 [2000]).
Likewise, the second cause of action fails to allege conduct sufficiently outrageous in character to support a cause of action for intentional infliction of emotional distress (see, Howell v New York Post Co., supra) or conduct that endangered his physical safety and the requisite duty to support negligent infliction of emotional distress.
Lastly, the amended complaint fails to include the type of factual allegations sufficient to sustain a claim of punitive damages against either defendant (see, Rocanova v Equitable Life [*3]Assur. Socy. of U.S., 83 NY2d 603 [1994]).
Based upon the foregoing, this court hereby grants the defendants' motion to dismiss the amended complaint as a matter of law pursuant to CPLR 3211.