*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520529
_____

DEBRA JAMES,
                        Appellant,
            v                              MEMORANDUM AND ORDER

BRUCE FLYNN,
                        Respondent.
_____


Calendar Date:  September 9, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

                    _____


        Mark Schneider, Plattsburgh, for appellant.

        Kevin McKain, Rochester, for respondent.

                    _____


Garry, J.

        Appeal from an amended order of the Supreme Court (Ellis, J.), entered January 30, 2015 in Clinton County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

        In July 2009, defendant allegedly began stalking plaintiff, with whom he had previously had a romantic relationship.  In October 2009, he entered plaintiff's home and threatened her with a firearm.  He was arrested and charged with various crimes, and later pleaded guilty to burglary in the second degree and criminal use of a firearm in the second degree (People v Flynn, 92 AD3d 1148 [2012], lv denied 19 NY3d 996 [2012]).  Defendant subsequently commenced two federal actions alleging various causes of action against plaintiff and others arising out of his arrest.  Both actions were dismissed.  In September 2012, plaintiff commenced this action for intentional infliction of

emotional distress, abuse of process and malicious prosecution. Following discovery, plaintiff filed a note of issue and certificate of readiness for trial in July 2014. As relevant here, defendant then moved for summary judgment dismissing the complaint, and plaintiff cross-moved to amend the complaint to add causes of action for negligent infliction of emotional distress and reckless infliction of emotional distress. Supreme Court granted defendant's motion and denied plaintiff's cross motion. Plaintiff appeals.

One of the two causes of action in plaintiff's complaint, entitled "Abuse of Process and Malicious Prosecution," alleged that the federal actions that defendant had filed against plaintiff were frivolous and lacked any factual or legal basis, and that defendant had filed them for the improper purpose of causing plaintiff to suffer emotional distress and incur legal expenses. Supreme Court dismissed this cause of action in its entirety upon finding that its allegations, even if true, did not constitute abuse of process. Plaintiff contends that the cause of action should not have been dismissed to the extent that it alleges malicious prosecution. We agree, and reverse as to the dismissal of the malicious prosecution cause of action.

To prove malicious prosecution, plaintiff will be required to establish that defendant acted with malice in commencing the actions against her, that the actions were entirely lacking in probable cause, that they terminated in plaintiff's favor and that she suffered special injury (see Perryman v Village of Saranac Lake, 41 AD3d 1080, 1081 [2007]; Black v Green Harbour Homeowners' Assn., Inc., 37 AD3d 1013, 1014 [2007]). Upon the summary judgment motion, defendant bore the burden of making a prima facie showing that plaintiff will be unable to establish at least one of these elements (see Hoyt v City of New York, 284 AD2d 501, 502 [2001], lv denied 97 NY2d 603 [2001]). Defendant failed to do so; his arguments included no assertions related to malicious prosecution, but were confined solely to abuse of process. Denial of defendant's motion as to this cause of action was thus required, without regard to the sufficiency of plaintiff's opposition to the motion (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Repeti v McDonald's Corp., 49 AD3d 1089, 1090 [2008]).

Supreme Court did not abuse its discretion in denying plaintiff's cross motion to amend the complaint. Initially, her cause of action for intentional infliction of emotional distress recited that it was based upon "[defendant's] criminal actions against [plaintiff]." Defendant correctly argued that this cause of action was subject to a one-year statute of limitations, and was thus time-barred (see CPLR 215 [3]; Yong Wen Mo v Gee Ming Chan, 17 AD3d 356, 358 [2005]). In response to this aspect of defendant's motion, plaintiff sought to amend her complaint by replacing the time-barred cause of action with claims for reckless infliction of emotional distress and negligent infliction of emotional distress. Although leave to amend a pleading is freely granted in most circumstances, for the reasons below, we find that these proposed amendments lacked merit.

First, reckless conduct is encompassed within the tort of intentional infliction of emotional distress and does not constitute a separate and distinct cause of action (see Freihofer v Hearst Corp., 65 NY2d 135, 143 [1985]; Dana v Oak Park Marina, 230 AD2d 204, 209 [1997]; Restatement [Second] of Torts § 46; see also Olmstead v Federated Dept. Stores, 208 AD2d 979, 981 [1994], lv denied 85 NY2d 811 [1995]). Thus, the proposed cause of action for reckless infliction of emotional distress is also subject to a one-year statute of limitations and is similarly time-barred (see Dana v Oak Park Marina, 230 AD2d at 210). As for negligent infliction of emotional distress, plaintiff has not alleged that defendant acted negligently. Her allegations that defendant stalked her, entered her home, and threatened her with a weapon simply cannot support a cause of action for negligent infliction of emotional distress (see Santana v Leith, 117 AD3d 711, 712 [2014]). Finally, plaintiff offered no satisfactory excuse for her delay in seeking the amendments, and Supreme Court noted the resulting prejudice (see Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1289 [2009]; Ciarelli v Lynch, 46 AD3d 1039, 1040 [2007]). Accordingly, we find no abuse of discretion in the denial of the cross motion (see Sadler v Town of Hurley, 304 AD2d 930, 931 [2003]).

Peters, P.J., Lahtinen and Rose, JJ., concur.

    ORDERED that the amended order is modified, on the law,
without costs, by reversing so much thereof as granted
defendant's motion for summary judgment dismissing the malicious
prosecution cause of action; motion denied to that extent; and,
as so modified, affirmed.

                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court